DAVID A. HUBBERT
Deputy Assistant Attorney General

BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD T. KENNEDY,<br><br>　　　　Defendant. | Case No. 2:21-cv-1964-WBS-CKD<br><br>**NOTICE OF AND MOTION TO DIRECT ENTRY OF DEFAULT**<br><br>Date: Wednesday, March 2, 2022<br>Time: 10:00 AM<br>Courtroom #24, 8th Floor<br>Robert T. Matsui Courthouse<br>501 I Street, Sacramento, CA  95814<br>Judge: Hon. Carolyn K. Delaney |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on the date and time indicated above, plaintiff the United States of America will bring a motion TO DIRECT ENTRY OF DEFAULT. The motion seeks a court order directing the clerk to enter default against EDWARD T. KENNEDY for failure to file an answer or otherwise defend this action.

Pursuant to General Order 631, the hearing will take place by video conferencing through the Zoom application.

PLEASE TAKE NOTICE that, pursuant to Local Rule 230, any opposition to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. No party will be entitled to be heard in

1

opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.

**MOTION TO DIRECT ENTRY OF DEFAULT**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the United States of America hereby requests the Court to direct the Clerk to enter default against Defendant EDWARD T. KENNEDY for failure to plead or otherwise defend against the complaint.

**Background**

The United States filed this action to nullify a false lien Defendant filed against an IRS official and to enjoin any further such false filings. ECF No.1. The summons and complaint were personally served on Defendant on December 9, 2021, at his residence at 800 Court St., #223, Reading, PA 19601. Kukso Decl. ¶ 2, ECF No. 5.

After being served, Defendant filed two "notices" with the court (ECF Nos. 6 and 8) and mailed an "invoice" to the process server. Kukso Decl. ¶ 3, Ex. 1. Except for the "notices," Defendant has not communicated with the counsel for the United States, has not filed a responsive pleading or a motion in response to the complaint, and has not otherwise communicated an intention to defend this action. Kukso Decl. ¶ 4.

On January 12, 20221, the Court issued a Minute Order stating, in part, "[i]t appears that defendant's answer to the complaint was due on January 3, 2022… defendant's only response has been to file Notices that seem to challenge the court's jurisdiction. (ECF Nos. [6], [8].) No later than February 11, 2022, plaintiff SHALL either begin the process of seeking default judgment, or advise the court how it otherwise intends to proceed with this action." ECF No. 9.

2

**Argument**

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered, the plaintiff may move the court for a default judgment. *Id*. 55(b)(2).

Defendant was personally served with the summons and complaint on December 9, 2021, at Defendant's residence at 800 Court St., #223, Reading, PA 19601. ECF No. 5.

Under Rule 12(a)(1), Defendant had until January 3, 2022 to answer or file a motion under Rule 12 in response to the complaint. Defendant acknowledged receiving the complaint as he has filed two "notices" with the court (ECF Nos. 6 and 8) and mailed an "invoice" to the process server (Ex. 1). Defendant, however, has not filed a responsive pleading or an appropriate motion under Rule 12. Thus, the United States seeks a judicial determination that Defendant has failed to plead "or otherwise defend" in this case, and a direction to the Clerk to enter default consistent with Fed. R. Civ. P. 55(a). *E.g., Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 (9th Cir. 1988) (default is appropriate where there is no "clear purpose to defend the suit.") (citations omitted).

Defendant is not an infant or incompetent, nor is he a member of the U.S. armed services. Kukso Decl. ¶ 5, Ex. 2. Therefore, the requested relief may be entered consistent with the Service Members Civil Relief Act 50 U.S.C. App. §§ 501 *et seq*.

Based on Defendant's failure to plead or otherwise defend, the United States requests that, pursuant to Fed. R. Civ. P. 55(a), the Court issue an order directing the Clerk to enter default against Defendant EDWARD T. KENNEDY.

Dated: January 26, 2022.

                                      DAVID A. HUBBERT
                                      Deputy Assistant Attorney General

                                      */s/ Boris Kukso*
                                      BORIS KUKSO
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 683
                                      Washington, D.C.  20044
                                      202-353-1857 (v)
                                      202-307-0054 (f)
                                      Boris.Kukso@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and, on the same date, caused the same document to be mailed by United States Postal Service to the following:

Edward Kennedy
800 Court St., #223
Reading, PA 19601

                                                */s/ Boris Kukso*
                                                BORIS KUKSO
                                                Trial Attorney
                                                United States Department of Justice, Tax Division