DAVID A. HUBBERT
Deputy Assistant Attorney General

BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:21-cv-1964-WBS-CKD |
| Plaintiff, |  |
| v. |  |
| EDWARD T. KENNEDY, |  |
| Defendant. |  |

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

For the reasons stated herein, the court should grant the United States' motion for default judgment against Defendant Mr. Edward T. Kennedy (Kennedy), nullify a false lien filing against the IRS Commissioner, and enjoin Kennedy from further such false filings.

This memorandum is supported by the Declaration of IRS Commissioner C. Rettig and the Declaration of IRS Revenue Officer B. Kreutzer. References to "Complaint ¶" are to the numbered paragraphs in the Complaint, ECF No. 1. References to "Ex." are to the exhibits to the Complaint, ECF No. 1-1.

1

# BACKGROUND

The United States filed this action to nullify a false lien Kennedy filed against the IRS Commissioner Charles P. Rettig and to enjoin any further such false filings, which he has threatened against an IRS revenue officer. ECF No.1.

Kennedy recorded a false UCC Financing Statement, File #U210080802220 (the False Lien) against Rettig and sent it to the Commissioner's personal residence in Washington DC. Complaint ¶¶ 6-11; Ex. 1; Rettig Decl. ¶ 2. There is no legitimate reason for Kennedy to impose a lien on Rettig's property: Rettig is not personally acquainted with Kennedy, has had no contact or relationship with Kennedy, has not engaged in any contract, security agreement, or personal transaction with Kennedy, and does not owe him money. Complaint ¶¶ 12-14; Rettig Decl. ¶ 3. To the extent there is a dispute between Kennedy and the IRS, Commissioner Rettig has not had any involvement in any capacity in that dispute. Complaint ¶ 15; Rettig Decl. ¶ 4.

Prior to recording the False Lien against Rettig, Kennedy wrote letters with frivolous arguments and threats to the IRS, Department of the Treasury officials, the United States Tax Court, and the IRS Revenue Officer Bruce Kreutzer assigned to collect Kennedy's outstanding tax liabilities and who, as part of his duties, filed a Notice of Federal Tax Lien against Kennedy at the Schuylkill County Prothonotary, in Pottsville, Pennsylvania. Complaint ¶¶ 16-24; Ex. 2-5.

Specifically, on March 17, 2021, Kennedy wrote to Rettig, and other government officials, advancing frivolous arguments against IRS collection. Ex. 2. On March 28, 2021, Kennedy wrote to the United States Tax Court, making frivolous allegations that he is not a United States citizen and providing "notice" to court officers and employees of liability for acts against Kennedy. Ex. 3.

IRS Revenue Office Bruce Kreutzer was assigned to collect Kennedy's outstanding tax liabilities and has received letters from Kennedy threatening lien filings against Kreutzer. Complaint ¶19, Kreutzer Decl. ¶ 2. On May 3, 2021, as part of his official duties, Kreutzer filed

1  at the Schuylkill County Prothonotary, in Pottsville, Pennsylvania, a Notice of Federal Tax Lien

2  (NFTL) [1] naming Kennedy as a delinquent taxpayer. *Id*. On May 26, 2021 and then again on

3  August 18, 2021, Kennedy sent letters to Kreutzer's residential address, specifically referencing

4  the NFTL Kreutzer filed against Kennedy, and falsely alleging that Kreutzer owes Kennedy tens

5  of millions of dollars for alleged violations of law. Exs. 4 and 5. In the second letter, dated

6  August 18, Kennedy demanded that the NFTL against him be removed and stated: "Commercial

7  Liens Forthcoming vs BRUCE KREUTZER." Complaint ¶¶ 20-21; Ex. 5.

8       Kreutzer is not personally acquainted with Kennedy and has not had any contact or

9  relationship with Kennedy outside of his duties as an IRS Revenue Officer, has not engaged in

10 any personal transaction with Kennedy, and does not owe money to Kennedy. Complaint ¶¶ 22-

11 23; Kreutzer Decl. ¶ 4. In light of the letters Kennedy sent to Kreutzer's home address, Kreutzer

12 is concerned and distressed that Kennedy will file false documents that will negatively impact

13 Kreutzer's ability to obtain credit. Complaint ¶ 24; Kreutzer Decl. ¶ 5.

14      In this suit, the United States seeks to nullify the False Lien against Commissioner Rettig

15 and to enjoin Kennedy from making any further such lien filing which purports to create a

16 nonconsensual lien against the property of any federal officer or employee, or which contains

17 any personal information (such as the social security number or the residence address) of any

18 federal officer or employee.

19      Kennedy was served with a summons and complaint in this suit on December 9, 2021 at

20 his residence at 800 Court St., #223, Reading, PA 19601. Kukso Decl. ¶ 2, ECF No. 5. Under

21 Rule 12(a)(1), Kennedy had until January 3, 2022 to answer or file a motion under Rule 12 in

22 response to the complaint. Kennedy acknowledged receiving the complaint, as he has filed two

---

[1] An NFTL is an IRS form which, when properly filed, provides notice to third parties that a lien for unpaid taxes arose against a delinquent taxpayer. *See* 26 U.S.C. §§ 6321-6323.

1   "notices" with the court. ECF Nos. 6 and 8.[2] However, Kennedy did not file a responsive

2   pleading or an appropriate motion under Rule 12 by the deadline. The clerk entered Kennedy's

3   default on March 7, 2022. ECF No. 12.

4       For the reasons stated below, this Court should enter default judgment against Kennedy,

5   nullify the False Lien, and enjoin Kennedy from making such filings in the future.

6   **ARGUMENT**

7   **I.     DEFAULT JUDGMENT STANDARD**

8       Under Fed. R. Civ. P. 55(b), once default has been entered by the Clerk of Court, the

9   party seeking affirmative relief may move the Court to enter a default judgment. The entry of

10  default against Defendant does not automatically entitle the United States to judgment; "[t]he

11  district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v.*

12  *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). However, entry of a default judgment is

13  appropriate where "the adversary process has been halted because of an essentially unresponsive

14  party" *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.

15  Cir. 1970); *see also S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1166 (9th Cir.

16  2007) (explaining that "[t]he defendant who chooses not to put the plaintiff to its proof, but

17  instead . . . waits, for whatever reason, until a later time to challenge the plaintiff's action, should

18  have to bear the consequences of such delay."). When the Court considers a motion for default

19  judgment, in a case where a default has been entered, as here, the factual allegations in the

20  Complaint, except those related to the amount of damages, are taken as true, including

21  allegations regarding liability. *See Matter of Visioneering Constr.*, 661 F.2d 119, 124 (9th Cir.

22  1981); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see also Fair*

23  *Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

24

25  ---
[2] After being served, Kennedy also mailed an "invoice" to the process server. ECF No. 10-2.

In *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Ninth Circuit identified seven factors that courts can then consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Id.* at 1471-72. "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

## II.   THE UNITED STATES IS ENTITLED TO DEFAULT JUDGMENT AGAINST KENNEDY

The majority of the *Eitel* factors here favor granting default judgment against Kennedy.

### A.   Possibility of Prejudice to the Plaintiff

The first *Eitel* factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. Here, such potential prejudice to the Government exists and militates in favor of entering default judgment. The United States is prejudiced if the Court does not enter default judgment against Kennedy, because otherwise, plaintiff would be without another recourse for recovery. Also, if the False Lien is not expunged, the harassment of the government employees will continue. Accordingly, the first *Eitel* factor favors the entry of default judgment against Kennedy.

### B.   Merits of Plaintiff's Substantive Claim/Sufficiency of the Complaint

The second and third *Eitel* factors also favor the entry of default judgment against Kennedy. The Court considers the two factors together given the close relationship between the two inquiries. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1055 (N.D. Cal. 2010).

Here, Kennedy has filed sham UCC Financing Statements with the State of California purporting to impose a lien on the personal property of an employee of the United States. He has threatened to file more. The UCC filing is false, and the behavior is intended to harass government employees engaged in their official duties.

Section 7402(a) of the Internal Revenue Code (Title 26) provides that "[t]he district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Section 7402 demonstrates "congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." *Brody v. United States*, 243 F.2d 378, 384 (1st Cir.), *cert. denied*, 354 U.S. 923 (1957). "[T]here need not be a showing that a party has violated a particular Internal Revenue Code section in order for an injunction to issue [under § 7402(a)]. The language of § 7402(a) encompasses a broad range of powers necessary to compel compliance with the tax laws." *United States v. Edwards*, 2008 WL 1925243, at *3-5 (E.D. Cal. Apr. 30, 2008) (quoting *United States v. Ernst & Whinney*, 735 F.2d 1296, 1300 (11th Cir. 1984)).

"The United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions." *United States v. Ekblad*, 732 F.2d 562, 563 (7th Cir. 1984). Section 7402(a) empowers a district court "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." *Ryan v. Bilby,* 764 F.2d 1325, 1327 (9th Cir. 1985). Bogus liens have been asserted "to harass IRS employees and deter them from enforcing the tax laws. The tax protestors, while claiming to act in the interests of freedom and personal liberty, use this weapon to harass private individuals in their private lives, as part of the tax protestors' campaign." *United States v. Van*

6

*Dyke*, 568 F. Supp. 820, 821 (D. Or. 1983). Such liens "threaten substantial interference with the administration and enforcement of the internal revenue laws and are calculated to molest, interrupt, hinder and impede officials of the Internal Revenue Service in the good faith performance of their official duties as employees of the government of the United States." *United States v. Hart*, 545 F. Supp. 470, 473 (D.N.D. 1982), *aff'd*, 701 F.2d 749 (8th Cir. 1983).

There is no federal or state law that allows a citizen to file a lien against a public official because the citizen feels aggrieved. *See United States v. Barker*, 19 F.Supp.2d 1380, 1384 (S.D. Ga. 1998). Under applicable California law, a lien is created by a contract between the parties or by operation of law. Cal. Civ. Code § 2881. Under California Commercial Code section 203(b)(3)(A), a security interest in personal property is created by a security agreement between a debtor and secured party. There must be binding security agreement to make the security interest enforceable. *In re CFLC, Inc.*, 209 B.R. 508, 510 (B.A.P. 9th Cir. 1997), *aff'd*, 166 F.3d 1012 (9th Cir. 1999).

But no facts or agreements exist to support filing of the False Lien against Commissioner Rettig. To the contrary, the Commissioner is not personally acquainted with Kennedy, has not entered into any contract or security agreement or personal transaction with Kennedy and owes him no money. Rettig Decl. ¶ 3. Instead, Kennedy filed the False Lien and threatened more to intimidate and harass IRS employees and thus to interfere with the proper administration of the internal revenue laws of the United States. Additionally, the allegations in the Complaint are deemed admitted for the purposes of default judgment, and they are sufficient to establish that the United States is entitled to relief.

Section 7402(a) authorizes this Court to declare the False Lien null and void, which it is. *See, e.g., Ryan v. Bilby*, 764 F.2d at 1327 (holding that (1) § 7402(a) empowers the district court to "void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes," and (2) the district court thus had jurisdiction to release

7

"baseless" "common-law liens" against judge, magistrate judges, and attorneys involved in taxpayer's prosecution for failure to file tax returns); *United States v. Agra*, 2014 WL 1671592, at *5 (E.D. Cal. Apr. 28, 2014) (declaring bogus liens against IRS employees void) ; *United States v. Kadosh*, 2014 WL 840777, at *3 (E.D. Cal. Mar. 4, 2014) (same).

Thus, the second and third *Eitel* factors also favor the entry of default judgment against Kennedy.

### C.   Sum of Money at Stake

Under the fourth factor cited in *Eitel*, the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct. Here, the United States seeks no monetary damages, however, a more important issue is at stake, namely whether Kennedy's interference with government employees' performance of their legitimate functions will go unchallenged. Therefore, this factor favors the entry of default judgment.

### D.   Possibility of a Dispute Concerning the Material Facts

The fifth factor also weighs in favor of granting default judgment against Kennedy. The facts of this case are relatively straightforward, and plaintiff has provided well-pleaded allegations supporting its claim that there is no legitimate reason for Kennedy to impose a lien on Commissioner Rettig's property. Complaint ¶¶ 6-15. Also, there is no possibility of dispute concerning material facts, as the complaint is taken as true after the court clerk enters default. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Therefore, the fifth *Eitel* factor weighs for default judgment against Kennedy.

### E.   Whether the Default Was Due to Excusable Neglect

This factor weighs in favor of default judgment against Kennedy. Kennedy was personally served with a copy of the summons and complaint here. He has also acknowledged receiving the complaint, as he has filed two "notices" with the court. ECF Nos. 6 and 8. Kennedy also contacted the process server with an "invoice." ECF No. 10-2. Nevertheless, he has failed to

answer or otherwise defend this action. Kennedy has refused to participate in this case in a meaningful manner, and there is no reason to conclude that he will do so.

### F. Policy Favoring Decisions on the Merits

The seventh *Eitel* factor favors decisions on the merits. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002).; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). The policy favoring decisions on the merits is unavailable here because Kennedy has not responded to the Complaint. Accordingly, this factor does not weigh against entry of default judgment against Kennedy.

## III. THE UNITED STATES IS ENTITLED TO INJUNCTIVE RELIEF

In addition to declaring the False Lien Kennedy filed against Commissioner Rettig null and void, the United States seeks an order permanently enjoining Kennedy from filing any other document or instrument which 1) purports to create a nonconsensual lien against the property of any federal officer or employee, or which (2) contains any personal information (such as the social security number or the residence address) of any federal officer or employee.

Under section 7402, district courts have jurisdiction to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). "The requirements for the issuance of a permanent injunction are (1) the likelihood of substantial and immediate irreparable injury, and (2) the inadequacy of remedies at law." *Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1317, n.3 (9th Cir. 2010) (quoting *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003)). Additionally, "[i]n cases where the public interest is involved, the district court must also examine whether the public interest favors the plaintiff." *Fund for Animals v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

"The Ninth Circuit has not provided specific guidance as to the standard for issuing an injunction under section 7402(a), although it has made clear that the provision affords the trial court broad discretion in procedural matters relating to enforcement of tax laws." *United States v. China China Inc.*, 2011 WL 4404941, at *4 (N.D. Cal. Aug. 31, 2011). The Ninth Circuit has held that 26 U.S.C. § 7408, an analogous section concerning abusive tax shelters, does not require that the traditional requirements for equitable relief be satisfied because the provision "expressly authorizes the issuance of an injunction." *United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000). *See also United States v. Renfrow*, 612 F. Supp. 2d 677, 685 (E.D.N.C. 2009); *United States v. Music Masters, Ltd.,* 621 F. Supp. 1046, 1058 (W.D.N.C. 1985) ("Traditional equity grounds need not be proven in order for an injunction that is authorized by statute to be issued").

However, the equitable requirements for the issuance of a permanent injunction against Kennedy are met here, so an injunction is appropriate under any standard. Kennedy has filed the False Lien against Commissioner Rettig, sent threatening and frivolous letters to other government officials, and threatened to file liens against the IRS Revenue Officer who, as required by the Internal Revenue Code, filed a Notice of Federal Tax Lien against Kennedy on account of Kennedy's outstanding tax liabilities. The Revenue Officer, like the Commissioner, is not personally acquainted with Kennedy, has had no contact or relationship with Kennedy except in his capacity as an IRS employee, has not engaged in any contract, security agreement, or personal transaction with Kennedy and does not owe Kennedy money. Kreutzer Decl. ¶ 4. Furthermore, the threat of possible lien filings against the Revenue Officer has caused him to experience distress and anxiety about the possible negative impact on his credit record and ability to obtain credit. Id. ¶ 5.

The United States will likely suffer irreparable harm in the absence of an injunction because Kennedy will continue to interfere with the enforcement and administration of the

internal revenue laws. Also, government employees are likely to face substantial and immediate irreparable injury (personal distress, clouding of title to property, damaging credit ratings), and their ability to perform their duties and collect federal taxes will be hindered. *See United States v. Edwards*, 2008 WL 1925243, at *4 (finding that the defendant's filing of frivolous UCC Financing Statements caused irreparable harm); *United States v. Van Dyke*, 568 F. Supp. 820, 822 (D. Or. 1983) (defendant's actions "in filing these lawsuits and documents, impose irreparable harm upon the employees of the federal government…").

Kennedy's filing of the False Lien, and his threats of other liens, are specifically designed to interfere with the enforcement of the laws of the United States pertaining to the internal revenue, and to molest, interrupt, hinder, intimidate, or impede employees or officers of the United States in performance of their duties. Apart from an injunction, the United States has no means, at law, to stop Kennedy from filing frivolous and false liens against government employees. Additionally, because the False Lien has no factual or legal basis, Kennedy will not be injured by an injunction that he cannot record similar non-consensual liens in the future. Lastly, the public's interest in fair administration of federal tax laws and prevention of abuse and harassment of government employees supports the imposition of a permanent injunction.

Thus, under 26 U.S.C. § 7402(a), a permanent injunction against Kennedy to prevent further lien filings against government employees is necessary and appropriate for the enforcement of the internal revenue laws.

WHEREFORE, the United States requests that this Court enter default judgment against Kennedy and rule that:

A. The UCC Financing Statement, File #U210080802220, filed on 9/1/2021 with the California Secretary of State, is null, void, and of no legal effect and that the record of this filing be expunged and removed from the public record;

11

B. The United States may file any order or judgment obtained in the present case with the California Secretary of State and in the public records of any other jurisdiction where documents identical or similar to the False Lien may have been filed by Kennedy;

C. Kennedy, his agents, employees, and all others in active concert or participation with him are enjoined from filing, or attempting to file, any document or instrument, which (1) purports to create a nonconsensual lien against the property of any federal officer or employee, or which (2) contains any personal information (such as the social security number or the residence address) of any federal officer or employee.

Dated: March 29, 2022.

                                  DAVID A. HUBBERT
                                  Deputy Assistant Attorney General

                                */s/ Boris Kukso*
                                BORIS KUKSO
                                Trial Attorney, Tax Division
                                U.S. Department of Justice
                                P.O. Box 683
                                Washington, D.C. 20044
                                202-353-1857 (v)
                                202-307-0054 (f)
                                Boris.Kukso@usdoj.gov